# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MI OK MOON, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PRUCO LIFE INSURANCE COMPANY, a New Jersey Corporation, and DOES 1-25,<br><br>　　　　Defendants. | Case No. 2:16-cv-6217 JFW (GJSx)<br><br>**Hon. John F. Walter**<br><br>**STATEMENT OF DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; JUDGMENT** |
| PRUCO LIFE INSURANCE COMPANY, an Arizona Corporation, and DOES 1-25,<br><br>　　　　Counter-Claimant,<br><br>v.<br><br>MI OK MOON, an individual,<br><br>　　　　Counter-Defendant. | |

On February 17, 2017, Defendant/Counter-Claimant Pruco Life Insurance Company ("Pruco") moved the Court for an order granting summary judgment, or alternatively partial summary judgment, or alternatively to have facts deemed established, in favor of Pruco and against Plaintiff/Counter-Defendant Mi Ok Moon ("Plaintiff"). Docket No. 32. Plaintiff did not file an opposition. On March 6, 2017, Pruco filed a reply. Docket No. 34.

After consideration of the moving papers and arguments at hearing, the Court rules as follows:

## I. INTRODUCTION

Defendant Pruco seeks summary judgment rescinding a $120,000 life insurance policy, with policy number L9038302 (the "Policy"), it issued to decedent insured Jim Hyung Kim ("Kim"), based on misrepresentations Kim made about his medical and smoking history when he applied for the Policy.

Pruco's motion seeks the following specific relief: (1) summary judgment against Plaintiff's entire Complaint; and (2) summary judgment on Pruco's Counterclaim. In the alternative, Pruco seeks partial summary judgment: (3) in favor of its claim for rescission of Kim's life insurance Policy; (4) against Plaintiff's breach of insurance contract claim; (5) against Plaintiff's claim for breach of the implied covenant and fair dealing. Finally, (6) in the alternative to summary judgment or partial summary judgment, Pruco seeks an order finding certain material facts deemed established under Fed. R. Civ. P. 56(g).

## II. FINDINGS OF FACT

The Court finds that the following facts are supported by uncontroverted evidence and are not materially in dispute:

Undisputed Material Fact ("UMF") No. 1[1]: Pruco issued the Policy to Kim.

UMF No. 2: Kim initiated his application for a life insurance policy from Pruco on December 20, 2013.

UMF No. 3: Kim signed his Policy application on February 3, 2014.

UMF No. 4: Kim acknowledged delivery of his life insurance policy on February 3, 2014.

UMF No. 5: Kim did not disclose to Pruco at the time he applied for his Policy, or any time after, that he had been hospitalized for two heart attacks requiring two coronary artery stenting surgeries within five years before applying for the Policy.

UMF No. 6: Kim did not disclose to Pruco at the time he applied for his Policy, or any time after, that he had previously been diagnosed with coronary artery disease, myocardial infarction and hypertension.

UMF No. 7: Kim did not disclose to Pruco at the time he applied for his Policy, or any time after, medications he was taking.

UMF No. 8: Kim did not disclose to Pruco at the time he applied for his Policy, or any time after, his cigarette-smoking history.

UMF No. 9: Kim died on August 17, 2015, within two years of the Policy being issued.

UMF No. 10: Moon submitted a death benefit claim on the Policy dated September 22, 2015.

UMF No. 11: Pruco first discovered the falsity of Kim's representations after his death.

---

[1] The Court's findings of fact adopt the numbering used by Pruco in its Statement of Undisputed Material Facts and Conclusions of Law in Support of Motion by Defendant Pruco Life Insurance Company for Summary Judgment. Dkt. 32-2. The evidence supporting Pruco's Statement is incorporated into these fact findings.

UMF No. 12: Pruco would not have issued the Policy to Kim had it known the truth about his medical history.

UMF No. 13: Had Pruco known the truth about Kim's smoking history, it would have offered him a smoker's policy, which requires the payment of significantly higher premiums

UMF No. 14: Pruco gave Moon notice of rescission of the Policy and returned all past-paid premiums within the two-year contestability period.

### III. CONCLUSIONS OF LAW

The undisputed material facts demonstrate that Pruco is entitled to rescind the Policy. To prevail on its rescission claim, Pruco must prove seven elements under California law. *See* CACI 2308 (setting forth the seven requisite elements and collecting legal authorities supporting each element). Each requisite element is met: (1) Kim applied for life insurance with Pruco (UMF No. 2-3); (2) Kim made misrepresentations or omissions to Pruco during the application process (UMF Nos. 5-8); (3) Kim was asked questions about the misrepresented information (UMF Nos. 3, 5-8); (4) Kim knew his representations were not true (UMF Nos. 5-8); (5) Pruco would not have issued the policy if Kim had stated the true facts about his heart disease and heart attacks (UMF Nos. 11-12); (6) if Pruco had known the truth about Kim's smoking history, it would have charged a much higher premium (UMF Nos. 11, 13); (7) Pruco gave notice that it was rescinding the policy (UMF No. 14); and (8) Pruco returned the insurance premiums paid on the policy (UMF No. 14).

Because each element is met, rescission is warranted.

### A. Material Misrepresentations Justify Rescission.

#### 1. Materiality May be Decided as a Matter of Law.

Where the facts are undisputed, materiality is determined as a matter of law. *Imperial Casualty & Indemnity Co. v. Sogomonian*, 198 Cal. App. 3d 169, 181 (1988) (upholding summary judgment for rescission); *TIG Ins. Co. of Michigan v. Homestore, Inc.*, 137 Cal. App. 4th 749, 762 (2006) (same); *U.S. Specialty Ins. Co.*

*v. Bridge Capital Corp.*, 482 F. Supp. 2d 1164, 1168 (C.D. Cal. 2007) (applying California law) (same).

Where the policy provides that the insurer relies on the applicant's health representations in issuing the policy, misrepresentations in an insurance application are material as a matter of law. *See TIG*, 137 Cal. App. 4th at 761-62. In addition, where an insurer asks specific questions on the application, the answers are "material" as a matter of law. *California-Western States Life Ins. Co. v. Feinstein*, 15 Cal. 2d 413, 423 (1940) ("answers to written questions set forth in application forms relative to insurance are generally *deemed* material representations") (emphasis original); *see also Cohen v. Penn Mut. Life Ins. Co.*, 48 Cal. 2d 720, 726 (1957); *Thompson*, 9 Cal. 3d 904, 916 (1973); *LA Sound*, 156 Cal. App. 4th at 1268-69.

In *Wilson v. Western Nat'l Life Ins. Co.*, 235 Cal. App. 3d 981, 995 (1991), the applicant failed to disclose that he suffered fainting spells and had been recently hospitalized for a heroin overdose in response to specific questions on the application. The misrepresentations were material as a matter of law, and summary judgment was granted in favor of the insurer for rescission. *Id.*

In *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 534 (9th Cir. 2001), an applicant with epilepsy answered "no" on her application when asked whether she sought or received treatment within the prior two years for a disease of the nervous system. It was immaterial that applicant's condition was controlled with medication: the insurer was entitled to know of the condition. *Id.* at 536-37. "Because a material, albeit innocent, misstatement is grounds for recession, Allstate was entitled to rescind the policy and did not act in bad faith by doing so." *Id.* at 534.

   **2. False Statements Made to an Insurer During the Application Process for Life Insurance Constitute Material Misrepresentation.**

"Governing law permits an insurer to rescind a policy when the insured has

misrepresented or concealed material information in connection with obtaining insurance." *Nieto v. Blue Shield of California Life & Health Ins. Co.*, 181 Cal. App. 4th 60, 75 (2010) (citation omitted); *see* Cal. Ins. Code § 331 ("concealment, whether intentional or unintentional, entitles the injured party to rescind insurance"); *id.* § 359 ("If a representation is false in a material point, whether affirmative or promissory, the injured party is entitled to rescind the contract from the time the representation becomes false"). When an applicant seeks to procure insurance, "an insurer has a right to know all that the applicant . . . knows regarding the state of his health and medical history." *Thompson v. Occidental Life Ins. Co.*, 9 Cal. 3d 904, 915 (1973); *see* Cal. Ins. Code § 332 (each party to insurance contract "shall communicate to the other, in good faith, all facts within his knowledge which are or which he believes to be material to the contract . . . .").

"[H]eavy burdens of disclosure are placed upon both parties to a contract of insurance and any material misrepresentation or the failure, whether intentional or unintentional, to provide requested information permits rescission of the policy by the injured party." *Imperial Cas. & Indem. Co. v. Sogomonia*, 198 Cal. App. 3d 169, 179-80 (1988) (where specific questions are asked of the insured, the answers are material to the contract). These disclosure obligations and the statutory right to rescind based on concealment or material misrepresentation safeguard the parties' freedom to contract. *Mitchell v. United National Ins. Co.*, 127 Cal. App. 4th 457, 468-69 (2005). Even an unintentional failure to provide requested information permits the injured party to rescind the policy. *Id.*

The materiality of questions and answers in an insurance application is determined "solely by the probable and reasonable influence" which truthful answers would have had upon that insurer. Cal. Ins. Code §§ 334, 360; *Thompson*, 9 Cal. 3d at 916. This is a subjective test; *i.e.*, what effect truthful answers would have had upon the particular insurer, not some "average, reasonable" insurer. Information is material if it would have caused Pruco's underwriter to reject the application or to

charge a higher premium for the policy or to amend the policy terms. *Sogomonian*, 198 Cal. App. 3d at 181 (1988); *Mitchell*, 127 Cal. App. 4th at 474; *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal. App. 4th 1259, 1268-69 (2007).

"The most generally accepted test of materiality is whether or not the matter misstated could reasonably be considered material in affecting the insurer's decision as to . . . enter into the contract, in estimating the degree or character of the risk, *or in fixing the premium rate thereon*." *Old Line*, 229 Cal. App. 3d at 1604 (emphasis original; internal quotes omitted); *see also Merced County Mut. Fire Ins. Co. v. State of Calif.*, 233 Cal. App. 3d 765, 772 (1991).

For example, in *Nieto*, the court upheld summary judgment where the insured "responded in the negative to the inquiries in the 'Medical History' portion of the application, when in fact [the insured] had suffered from chronic back pain," failed to disclose her recent medical treatments for that back pain and failed to disclose medications she was currently taking for her back pain. *Nieto*, 181 Cal. App. 4th at 76-78.

Likewise, in *Torbensen v. Family Life Ins. Co.*, 163 Cal. App. 2d 401, 405 (1958), the insured's application stated he was in good health and had never been diagnosed with heart disease. In truth, he was then under medical care for a heart condition, and he later died of lung cancer. *Id*. The insurer was entitled to rescind because it would not have issued the policy at all if it had known of the heart condition. *Id*.

Similarly, in *Life Ins. Co. of No. America v. Capps*, 660 F.2d 392, 394 (9th Cir. 1981) (applying Calif. law), the applicant answered "no" to questions regarding heart trouble and chest pains, although aware she had these conditions. Rescission was proper even though the applicant was unaware how ill she was (her spouse and doctor had told her the conditions were not serious). *Id.*

In addition, rescission is appropriate even if the insurer would only have increased the premium. *Old Line Life Ins. Co. of America v. Sup.Ct. (Silvera Trust)*,

229 Cal. App. 3d 1600, 1604, 1606 (1991). In *Old Line*, the insured falsely stated she had not smoked in applying for life insurance. *Id.* She died of breast cancer. *Id.* The insurer was entitled to rescind although the misrepresentation affected only the amount of premium (the insurer still would have issued the policy, but at a higher premium). *Id*.

### B. Kim's Misrepresentations to Pruco Were Material, Kim Knew the Misrepresentations to be False When He Made Them, and Pruco Would Not Have Issued the Policy if It Had Known the Misrepresentations Were False.

Pruco asked Kim about his medical and smoking history, his hospitalizations, and his physician and medication information, and relied upon that information in making the decision to issue the Policy.[2] UMF Nos. 3, 5-8.

As in *Nieto*, *Torbensen*, and *Capps*, Kim falsely responded "no" to several material questions during his recorded underwriting interview and in the "Medical Information" section of the application. UMF Nos. 5-8. At the time he applied for the Policy, Kim had suffered two heart attacks in the previous five years, both of which required emergency coronary artery stenting surgery, including one just a month before applying. UMF No. 5. Since 2009, he was taking medications prescribed to treat his coronary artery disease and hypertension. UMF Nos. 6-7.

However, when asked: "has a member of the medical profession ever treated

---

[2] In fact, the Policy provides:
> We assume that all statements in an application are made to the best of the knowledge and belief of the person(s) who make them . . . they are deemed representations. . . .
> We rely on those statements when we issue the contract. . .

UMF No. 4.

1  you or diagnosed you with: high blood pressure, chest pain, a heart attack, coronary
2  artery disease . . .";  "within the past five years, have you: . . . been a patient in a
3  hospital or other medical facility . . .[or] had any other disease, disorder or
4  condition"; "are you currently receiving medical treatment or taking any other
5  medication. . . ," Kim answered "no." UMF Nos. 3, 5-7. Kim also concealed the
6  identity of his treating doctors. *Id.* When asked in Part 2, Section A of his
7  Application, entitled "Personal Physician Information," seeking Kim's physician
8  information, he answered, "unknown." UMF Nos. 3, 5-7. This prevented any
9  reasonable attempt by Pruco to obtain medical records reflecting his past treatments
10 and hospitalizations. Pruco would not have offered Kim a life insurance policy had
11 it known any of these facts. UMF No. 12.

12        In addition, Kim was asked directly if he had "ever used tobacco."  Even
13 though Kim had previously been a half-a-pack a day smoker for over 30 years, he
14 answered "no." UMF Nos. 3, 8. Although Pruco may have issued the Policy had it
15 known Kim's smoking history, it would have done so at much higher premiums had
16 Kim answered truthfully.

17        Pruco has established that it would not have issued the Policy to Kim had he
18 truthfully answered the questions regarding his medical history in his policy
19 application. UMF No. 12. However, Kim's true medical history was not revealed
20 until Pruco conducted its timely contestability review. UMF No. 11. Pruco obtained
21 a copy of Kim's death certificate which was signed by Dr. David Park. Pruco used
22 this information to obtain medical records from Dr. Park and learned the identity of
23 additional treating physicians for Kim in the years immediately preceding his death,
24 including Dr. Daniel Choo and Dr. Daniel Oh. Pruco also obtained Kim's medical
25 prescription information. UMF No. 11.

26        Pruco senior underwriter's review of Kim's medical records revealed Kim's
27 treatment for coronary artery disease and hypertension since at least June 2009, his
28 heart surgery in June 2009 after suffering a heart attack, his second heart attack and

8                    CASE NO. 2:16-cv-6217 JFW (GJSx)
                                                      STATEMENT OF DECISION; JUDGMENT

surgery in 2013, the long list of medications he was taking, and that Kim told his doctor he smoked half-a-pack of cigarettes per day for 30 years and had only quit in 2013. UMF No. 11. When Ms. Swenson compared the facts discovered about Kim's medical history to Pruco's underwriting guidelines, which Pruco routinely follows as part of its standard underwriting practices, she determined Pruco would "never have issued the Policy to Kim had it known the truth about his medical history." UMF No. 12. Specifically, his two heart attacks within the previous five years and stenting surgery would have disqualified him for a policy "no matter the premium amount"—no policy would have been offered.[3] UMF No. 12.

Pruco relied on Kim's representations in issuing the Policy and would not have issued it had it known the true facts. UMF Nos. 3, 4. Therefore, the Court concludes that rescission is justified.

### C. Pruco Properly Rescinded the Policy.

Rescission is accomplished by giving notice of rescission to the insured; and tendering repayment of all premiums received. Cal. Civ. Code § 1691. Pruco provided Plaintiff with notice that the Policy was rescinded and returned all past-paid premiums. UMF No. 14.

Grounds for rescission may also be asserted as a defense to the insured's action on the policy. *Resure, Inc. v. Sup. Ct. (Palmer)*, 42 Cal. App. 4th 156, 166 (1996). Alternatively, the insurer may file a cross-complaint against the insured. *LA Sound USA*, 156 Cal. App. 4th at 1267-68. Either the answer or cross-complaint satisfies the insurer's responsibility under Cal. Civ. Code § 1691 to provide notice of rescission and to tender repayment of the premiums paid for the policy. *LA Sound*, 156 Cal. App. 4th at 1267. In this case, Pruco asserted grounds for its rescission as a defense to Plaintiff's Complaint and in its Counterclaim.

---

[3] Had Kim told the truth about his smoking history, Pruco might have offered him a smoker's policy, but with significantly higher premiums. UMF No. 13.

## IV. CONCLUSION

For all the foregoing reasons, Pruco's Motion for Summary Judgment is **GRANTED**. Pruco is entitled to judgment in its favor and against Plaintiff on Plaintiff's entire Complaint. Pruco is also entitled to judgment in its favor and against Plaintiff on Pruco's Counterclaim. Accordingly, life insurance policy number L9038302, which Pruco issued to the insured Jin Hyung Kim in 2014, with a face value of $120,000, is hereby rescinded.

DATED: March 14, 2017

_____
THE HONORABLE JOHN F. WALTER
United States District Judge